Matter of Perchekly (2017 NY Slip Op 08901)





Matter of Perchekly


2017 NY Slip Op 08901


Decided on December 21, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
John W. Sweeny, Jr.
Dianne T. Renwick
Judith J. Gische
Marcy L. Kahn, Justices.


&em;

[*1]In the Matter of Alexander Perchekly, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alexander Perchekly, (OCA Atty. Reg. No. 2936771 Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alexander Perchekly, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 27, 1999.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sherine F. Cummings, of counsel), for petitioner.
Aidala, Bertuna & Kamins, P.C. (Barry Kamins, Esq.) for respondent.



PER CURIAM


Respondent Alexander Perchekly was admitted to the practice of law in the State of New York by the Second Judicial Department on January 27, 1999, and all times relevant herein he maintained an office for the practice of law within the First Judicial Department.
By order entered February 23, 2017, this Court granted a motion by the Attorney Grievance Committee (Committee), seeking respondent's interim suspension from the practice of law pursuant to the Rules for Attorney Discipline Matters (22 NYCRR) 1240.9(a)(2) and (5), [*2]based upon bank records and his admission under oath that he repeatedly converted and/or misappropriated client funds, commingled business and client funds, and made an improper $7,000 cash withdrawal from his trust account.
Respondent now seeks an order, pursuant to (22 NYCRR) 1240.10, approving his resignation and disbarring him from the practice of law. The Committee does not oppose the motion.
Respondent acknowledges that he is currently the subject of an investigation by the Committee involving allegations of professional misconduct that include his unauthorized practice of law while suspended, to wit, filing documents on behalf of a client and contacting another firm on behalf of a client while under suspension.
Respondent further acknowledges that in connection with his interim suspension, he repaid the total amount converted and/or misapproriated to the respective parties. Respondent submits his resignation subject to any application that may be made pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution or reimburse the Lawyers' Fund for Client Protection, and consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct as described herein; he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys; and he agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services, and there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds on behalf of clients or others entitled to receive them.
The Committee does not oppose respondent's motion to resign and notes that the application is in compliance with 22 NYCRR 1240.10. As to the allegations that respondent engaged in the unauthorized practice of law while suspended, the Committee states that, specifically, respondent: 1) filed a memorandum for a client in New York County, Supreme Court, 2) contacted an English firm in London for his client to enforce a U.S. judgment against property located there, 3) failed to notify clients, the court, and opposing counsel of his suspension and failed to file an affirmation in compliance in accordance with 22 NYCRR 1240.15(b) and (f), 4) failed to discontinue advertising through email signature and social media and failed to forfeit his secure pass in accordance with 22 NYCRR 1240.15(d) and (e), and 5) maintained active IOLA accounts.
As respondent's affidavit of resignation conforms with 22 NYCRR 1240.10, respondent's motion should be granted to the extent of accepting his resignation from the practice of law, disbarring him, and striking his name from the roll of attorneys effective nunc pro tunc to August 15, 2017, the date of respondent's affidavit.
All concur.
Order filed [December 21, 2017].
Friedman, J.P., Sweeny, Renwick, Gische, Kahn, JJ.
Respondent's motion for resignation granted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 15, 2017. Opinion Per Curiam. All concur.